1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10                                 SAN FRANCISCO DIVISION

11

12   IN RE WILLIE WEAVER,                     No. C 14-0046 RS (PR)
                                              No. C 14-2823 RS (PR)
13              Plaintiff.                     No. C 14-2906 RS (PR)
                                              No. C 14-3019 RS (PR)
14                                            No. C 14-3148 RS (PR)
                                              No. C 14-3149 RS (PR)
15                                            No. C 14-3307 RS (PR)
                                              No. C 14-3308 RS (PR)
16                                            No. C 14-3967 RS (PR)

17
                                              **ORDER TO SHOW CAUSE WHY**
18                                            **PAUPER STATUS IS NOT BARRED**

19   _____/

20

21          Plaintiff, a state prisoner and frequent litigant in federal court, has filed the above pro

22   se civil rights complaints under 42 U.S.C. § 1983 along with motions to proceed *in forma*

23   *pauperis* under 28 U.S.C. § 1915.  Plaintiff is ordered to show cause on or before December

24   1, 2014 why 28 U.S.C. § 1915(g) does not bar pauper status in each action.

25          The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a

26   civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or

27   more prior occasions, while incarcerated or detained in any facility, brought an action or

28

1   appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

2   malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

3   under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s

4   cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's]

5   effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

6        Under the law of this Circuit, plaintiff must be afforded an opportunity to persuade the

7   court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113,

8   1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential

9   applicability of § 1915(g), by either the district court or the defendants, but also requires the

10  prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status

11  for him. *Id. Andrews* implicitly allows the Court to raise *sua sponte* the § 1915(g) problem,

12  but requires the Court to notify the prisoner of the earlier dismissals it considers to support a

13  § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before

14  dismissing the action. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed

15  with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the

16  full filing fee at the outset of the action.

17       Here, plaintiff has had at least three prior prisoner actions or appeals dismissed

18  by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim

19  upon which relief may be granted. *See* (1) *Weaver v. Pelican Bay State Prison*, No. C 04-

20  3077 JW (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure to state a

21  claim upon which relief may be granted); (2) *Weaver v. Nimrod*, No. C 04-3154 JW (PR)

22  (N.D. Cal. Dec. 14, 2004) (same); (3) *Weaver v. Pelican Bay State Prison Mail Room*,

23  No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); and (4) *Weaver v. Daniel*,

24  No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same).

25       These strikes are presumed valid. Plaintiff has had many recent opportunities to

26  challenge the Court's determination that these prior actions are strikes, and he has failed to

27  do so effectively. Plaintiff therefore may proceed *in forma pauperis* only if he is seeking

28

United States District Court
For the Northern District of California

IN RE WEAVER
ORDER TO SHOW CAUSE

relief from a danger of serious physical injury which is "imminent" at the time of filing.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

In light of these dismissals, and because plaintiff does not appear to be under imminent danger of serious physical injury, the Court now orders plaintiff to show cause why *in forma pauperis* should not be denied and each action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  **Plaintiff's response to this order to show cause is due no later than December 1, 2014.**  The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE."  In the alternative to showing cause why each action should not be dismissed, plaintiff may avoid dismissal by paying the full filing fee of $400.00 in each action by the deadline.  **Failure to file a response by December 1, 2014 or failure to pay the full filing fee will result in the dismissal of each action without prejudice to bringing his claims in new paid complaints.**

**IT IS SO ORDERED**.

DATED:  October 20, 2014

RICHARD SEEBORG
United States District Judge

United States District Court
For the Northern District of California